9 pgs

5I

ORIGINAL

RECEIPT NUMBER
200 524792

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BICKES and
DAVID TREPANIER,

Plaintiffs,

v.

SPS TECHNOLOGIES WATERFORD
COMPANY, a Michigan Corporation, SPS
TECHNOLOGIES, INC., a Pennsylvania
Corporation, and SPS TECHNOLOGIES, LLC, a
Pennsylvania Corporation,

Defendants.

JUDGE : Duggan, Patrick J.
DECK  : S. Division Civil Deck
DATE  : 04/25/2005 @ 14:21:31
CASE NUMBER : 2:05CV71614
CMP TIMOTHY BICKES VS. SPS
TECHNOLOGIES WATERFORD (SI) JMC

MAGISTRATE JUDGE MORGAN

_____/

MATTHEW WIGENT (P46968)
WARNICKE & WIGENT, PLLC
Attorney for Plaintiffs
1701 Cass Lake Road
Keego Harbor, MI  48320
(248) 738-5000
_____/

## COMPLAINT

NOW COME Plaintiffs, Timothy Bickes and David Trepanier, by and through their attorneys WARNICKE & WIGENT, PLLC, and for their Complaint states as follows:

1.  This is an action to enforce rights arising out of Plaintiffs' employment relationship with Defendant SPS Technologies.

2.  Plaintiff Timothy Bickes is a resident of the Township of Waterford, County of Oakland, State of Michigan.

3.  Plaintiff David Trepanier is a resident of City of Flint, County of Genessee, State of Michigan.

4. Plaintiffs were employees of Defendant SPS Technologies Waterford Company, SPS Technologies, Inc. and/or SPS Technologies, LLC (hereafter "Defendants") at their facility in the County of Oakland, State of Michigan.

5. Defendant SPS Technologies Waterford Company is a Michigan Corporation doing business in the County of Oakland, State of Michigan.

6. Defendant SPS Technologies Inc., and Defendant SPS Technologies, Inc. are Pennsylvania Corporations doing business in the County of Oakland, State of Michigan.

7. The events giving rise to this cause of action occurred in the County of Oakland in the State of Michigan.

8. Jurisdiction in this matter exists due to a federal question.

9. Plaintiff Timothy Bickes has rheumatory arthritis.

10. Plaintiff Timothy Bickes began his employment with Defendants on August 29, 1984.

11. Plaintiff David Trepanier has a serious back injury, heart condition and other disabilities covered under the Americans with Disabilities Act.

12. Plaintiff David Trepanier began his employment with Defendants on August 3, 1988.

13. Plaintiffs' employment with Defendants was terminated on or about April 29, 2004.

14. Plaintiffs, among others, were terminated on April 29, 2004 due to disabilities covered under the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## AS TO TIMOTHY BICKES

15. At all material times, Plaintiff Timothy Bickes was an employee, and Defendants were his employer, covered by and within the meaning of the Americans with Disability Act of 1990, 42 USC 12101 et seq.

16. Plaintiff's rheumatory arthritic condition constitutes a disability, as that term is defined by and within the meaning of the Americans with Disability Act of 1990, 42 USC 12101 et seq.

17. Plaintiff was discriminated against, within the meaning of the Americans with Disability Act of 1990, 42 USC 12101 et seq., when Defendants terminated him.

18. Plaintiff's disability was a determining factor in Defendants' decision to terminate Plaintiff.

19. The actions of Defendants and their agents, representatives, and employees were intentional in disregard for the rights and sensibilities of Plaintiff and warrant punitive damages.

20. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff Timothy Bickes has sustained injuries and damages, including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## AS TO DAVID TREPANIER

21. At all material times, Plaintiff David Trepanier was an employee, and Defendants were his employer, covered by and within the meaning of the Americans with Disability Act of 1990, 42 USC 12101 et seq.

22. Plaintiff's back condition, heart condition and other conditions, constitute a disability, as that term is defined by and within the meaning of the Americans with Disability Act of 1990, 42 USC 12101 et seq.

23. Plaintiff was discriminated against, within the meaning of the Americans with Disability Act of 1990, 42 USC 12101 et seq., when Defendants terminated him.

24. Plaintiff's disability was a determining factor in Defendants' decision to terminate Plaintiff.

25. The actions of Defendants and their agents, representatives, and employees were intentional in disregard for the rights and sensibilities of Plaintiff and warrant punitive damages.

26. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff David Trepanier has sustained injuries and damages, including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

## COUNT III
## GENDER DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

27. Plaintiff David Trepanier was an employee and Defendants were an employer, covered and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq.

28. Plaintiff David Trepanier is a member of a class of protected persons (i.e. overweight).

29. Plaintiff was treated in a disparate and discriminatory manner compared to other similarly situated employees.

30. Plaintiff was subject to an adverse employment action based on his weight.

31. Plaintiff's weight was a significant factor that made a difference in other terms and conditions of Plaintiffs' employment with Defendants.

32. Defendants, through its agents, representatives, and employees, was predisposed to discriminate on the basis of weight and acted in accordance with that predisposition.

33. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue a gainful occupation of choice.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendants for the following:

    a. Compensatory and exemplary damages in whatever amount Plaintiffs are found to be entitled,

b. an award of back pay and the value of lost fringe benefits and pension benefits, past and future,

c. an award of interest, costs, and reasonable attorney fees.

d. an order placing Plaintiffs in the positions they would have held had there been no violations of their rights,

e. an order enjoining Defendants form further acts of discrimination or retaliation, and

f. whatever other relief appears appropriate at the time of final judgment.

Respectfully submitted,

WARNICKE & WIGENT, PLLC

By: _____
MATTHEW WIGENT (P46968)
Attorneys for Plaintiff
1701 Cass Lake Road
Keego Harbor, MI 48320
(248) 738-5000

Dated: April 25, 2005

Warnicke & Wigent PLLC :: 1701 Cass Lake Road :: Keego Harbor, Michigan 48320 :: (248) 738-5000

## DEMAND FOR JURY TRIAL

NOW COME Plaintiffs Timothy Bickes and David Trepanier by and through their attorneys, WARNICKE & WIGENT, PLLC, and hereby demand a trial by jury of the within matters.

Respectfully submitted,

WARNICKE & WIGENT, PLLC

By: _____
MATTHEW WIGENT (P46968)
Attorneys for Plaintiff
1701 Cass Lake Road
Keego Harbor, MI 48320
(248) 738-5000

Dated: April 25, 2005

# CIVIL COVER SHEET

JS 44 11/99

COUNTY IN WHICH THIS ACTION AROSE: OAKLAND

05-71614 PJD/VMM

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS** Timothy Bickes and David Trepanier

**DEFENDANTS** SPS Technologies Waterford Company, a Michigan Corporation, et al

**05-71614**

(b) County of Residence of First Listed: Oakland

County of Residence of First Listed: Oakland

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys (Name, Address and Telephone Number)
Matthew Wigent (P40968)
1701 Cass Lake Road
Keego Harbor, MI 48320 (248) 738-5000

Attorneys (If Known)
**PATRICK J. DUGGAN**
**MAGISTRATE JUDGE MORGAN**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault, Libel And Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Americans with Disabilities Act.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    $ DEMAND    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE    SIGNATURE OF ATTORNEY OF RECORD
x Matt Wigent    4/25/05

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: